UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

PETER J. SALZA,
KENNETH UBERT,
HOMETOWN PUBLICATIONS II, INC.,
MILWAUKEE EXPRESS NEWS, INC.,
BADGER ADVERTISING, INC.,

      Plaintiffs,

      v.      Case No. 04-C-1206

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

      Defendants.

ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS CLAIMS OF MILWAUKEE EXPRESS, INC., BADGER ADVERTISING, INC., AND HOMETOWN PUBLICATIONS II, INC. (DOC. # 13).

Pending before the court is the defendants' Motion to Dismiss Claims of Milwaukee Express, Inc., Badger Advertising, Inc., and Hometown Publications II, Inc. (corporate plaintiffs) and a brief in support of the motion. However, these corporate plaintiffs have failed to file a response.[1] For the reasons explained herein, the motion will be granted.

<u>Procedural History</u>

On December 17, 2004, the plaintiffs filed a complaint to appeal a notice of determination they received from the Internal Revenue Service. The United States filed an answer on April 14, 2005, stating that it is the proper party to this action and that each plaintiff had failed to timely file a notice of appeal with this court as required by 26 U.S.C. § 6330(d).

---

[1] Pursuant to the terms of Civil Local Rule 7.1(b), the corporate plaintiffs had twenty-one (21) days from May 3, 2005, to file their response. *See* Civil L.R. 7.1(b).

Thereafter, on May 3, 2005, the United States filed the pending motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]

Discussion

Under 26 U.S.C. § 6330(d), "a person may, within 30 days of a[n IRS collection] determination . . ., appeal such determination" to the Tax Court or the United States District Court. 28 U.S.C. § 6330(d). Here, on September 17, 2004, the Internal Revenue Service sent each corporate plaintiff a Notice of Determination. (Motion, Ex. 10.) The notices state that "[i]f you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination." (*Id.*) Accordingly, the corporate plaintiffs had until Monday, October 18, 2004, to file their complaint. Because the corporate plaintiffs waited until Friday, December 17, 2004, to file the instant case, their complaint is untimely. Consequently, this court lacks subject matter jurisdiction to review the IRS' collection determinations respecting these plaintiffs.

Now, therefore,

IT IS ORDERED that the United States' Motion to Dismiss Claims of Milwaukee Express, Inc., Badger Advertising, Inc., and Hometown Publications II, Inc., is granted.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[2] Rule 12 governs the timing and presentation of defenses and objections. FED. R. CIV. P. 12. Under Rule 12(b)(1), a party may file a motion claiming that the court lacks subject matter jurisdiction over the cause of action asserted in the complaint. FED. R. CIV. P. 12(b)(1).

2